### 16689.　SAUNDERS *v.* CROVATT.

1. The evidence authorized the verdict.
2. The charge complained of in the ninth ground of the motion for a new trial was erroneous as being without evidence to support it and also because it incorrectly instructed the jury that certain inferences would be authorized from certain facts, when such facts, even if established, would not have warranted either of the inferences stated. The court erred in overruling the motion for a new trial.

DECIDED APRIL 20, 1926.

Appeal; from Chatham superior court—Judge Meldrim. May 14, 1925.

*R. L. Colding,* for plaintiff in error. *W. G. Warnell,* contra.

BELL, J. E. M. Crovatt brought suit upon an open account in the municipal court of Savannah against Charles J. Saunders, for repairs upon the defendant's automobile. The case is here upon exceptions by the defendant to the overruling of his motion for a new trial, after a verdict in favor of the plaintiff upon a trial, on appeal, in the superior court of Chatham county. It appeared, from the evidence, that the repairs were made in Savannah, at the instance of the defendant's minor brother, Albert Saunders, while the defendant, a traveling salesman, was in South Carolina. The principal question for determination by the jury was whether the act of the defendant's brother was authorized, and, if not, whether it was subsequently ratified.

1. Without undertaking to review it in detail, we think the evidence was sufficient to support, but not to demand, the verdict in the plaintiff's favor.

2. The account, which was for about $90, showed a credit of $25, representing a payment which the plaintiff claimed had been made by Albert Saunders on April 30, 1923. The defendant testified: "I have been in the having [habit?] of sending my brother money. I did not give my brother money to make this

---

Agency, 2 C. J. p. 954, n. 83; p. 967, n. 52.
Trial, 38 Cyc. p. 1619, n. 37.

payment of $25. I do not remember whether I gave him any money along the time of April, 1923, or not. I do not know when this work was done. . . At this time my brother was a minor under age, and I do not know where he got the $25 to pay for this work." There is no other evidence in regard to the money furnished by the defendant to his brother, and there is nothing to show for what purpose any money so furnished was to be used, or that the defendant had any knowledge of the particular use made by his minor brother of any particular money sent to him. The court instructed the jury as follows: "It is further contended that this brother, from time to time, let Albert Saunders have money, and that the $25 was paid by Albert Saunders, from money he got from his brother, for the payment on account of the work done on that car. If that were true,—if you find that to be the case, —then you would be authorized to find, in the first instance, that Albert Saunders was representing the brother, or, in the second instance, that this defendant had ratified the act of the brother in taking the car there to have the work done." This charge is excepted to in the ninth ground of the motion for a new trial because there was no evidence to show that the $25 paid on the account by Albert Saunders was money that he had received from the defendant; and because the mere fact that Albert Saunders may have paid on the account money received from the defendant would not, without more, authorize the inference of a ratification. In our opinion these exceptions are well taken. It is true that the language of the above-quoted excerpt was followed immediately by the qualification, "but there can be no ratification unless it was done with the full knowledge of this defendant." We still think, however, that the charge excepted to was error. The evidence was insufficient to show that the payment was made by Albert Saunders with money received by him from the defendant; and, even treating the evidence as sufficient for that purpose, if the defendant merely sent his brother money without instructions as to the use of it, the lone fact that the latter may have paid it on the account, with defendant's knowledge, would be insufficient to authorize the inference either that Albert Saunders was representing his brother in ordering the repairs, or that the defendant had ratified such act. The excerpt complained of was error, both because there was no evidence to support it and because the facts referred to, even if

proved, would not, without more, have authorized either of the inferences stated.

Several other portions of the court's charge are assigned as error, and, while we do not say that in all instances they were entirely accurate, no reversible error is pointed out in the particular exceptions taken. The matters complained of in special grounds 4 and 5 of the motion for a new trial are such as will not likely arise on another trial, and are not passed upon.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*